

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1581-12

**BRIAN SHAWN GILLEY, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## WICHITA COUNTY

KEASLER, J., filed a dissenting opinion in which HERVEY and ALCALA, JJ.,
joined.

## DISSENTING OPINION

Because the court of appeals did not address Brian Gilley's right-to-counsel claim, this

case should be dismissed as improvidently granted, or in the alternative, remanded to the

court of appeals to consider his claim.

The Court claims that Gilley's right-to-counsel complaint was found in a multifarious

point of error in his brief below, presumably because Gilley asserted multiple supporting

legal theories. If Gilley's point of error was multifarious, the lower court was not required to address his right-to-counsel claim, even though it could have if it so chose.[1] However, the panel's opinion did not. The issue was arguably not properly presented to the court of appeals, and the court did not have to render a decision on that issue. Therefore, not only is there no decision to review, but it is questionable whether the court of appeals should have rendered a decision on this legal theory at all.

As the majority correctly notes, Gilley urges us to review his right-to-counsel complaint for the first time on discretionary review. While the Court recognizes that we ordinarily do not address issues not first decided by the court of appeals, it invokes a "judicial economy" exception to reach out and resolve Gilley's right-to-counsel claim *de novo*. I agree that there may be cases when the resolution of outstanding issues is so clear that the principle of judicial economy permits resolving the issues on discretionary review. I am not convinced, however, that this case is one of them.

In support of its judicial-economy rationale, the Court states that remanding the case to the court of appeals would require it to resolve "ancillary" issues like whether it is appropriate to reach Gilley's right-to-counsel claim because it is embedded in a multifarious point of error. But if it is unclear whether the court of appeals should have addressed this issue, how is judicial economy furthered by addressing it here? Moreover, it is reasonable

---

[1] *Ante*, op. at 8 n.19 (citing generally cases that hold an appellate court may refuse or elect to review a multifarious issue).

to assume that, in omitting any discussion of Gilley's right-to-counsel, the court of appeals already implicitly passed on that issue and concluded that it was not appropriate to address it. The Court's second issue it labels as ancillary is not ancillary at all. Whether Gilley may bring his right-to-counsel complaint for the first time on appeal is a threshold issue. In fact, it is the first issue the Court addresses in its analysis of Gilley's claim on the merits.

More importantly, whether the witness-competency hearing was a critical stage in which Gilley's right to counsel attached is not a trifling issue easily dispatched. It is indeed an issue of first impression with weighty constitutional implications. The Court's analysis of the nature of a witness-competency hearing under Texas Rule of Evidence 601, how this particular witness-competency hearing was performed, and the interpretation of United States Supreme Court precedent, even if entirely accurate, is evidence that the issue is not as "clear" or "evident" as the Court claims. The issue, assuming it was properly presented below, is worthy of a thorough review by the court of appeals, not by this Court for the first time.

The Court's concern about judicial economy is respectable, but it should not come at the cost of dismissing Texas Rule of Appellate Procedure 66.3's provisions that this Court only reviews the decisions of the court of appeals and diminishing this Court's role as a discretionary review court. If the Court believes that Gilley's right-to-counsel claim should have been addressed below—which it undoubtedly does—the proper course of action would

be to remand the case to the court of appeals to address it.[2]

The resolution of Gilley's claim for the first time on discretionary review is imprudent. For this reason, I dissent.


FILED: January 15, 2014

PUBLISH

---

[2] *See* TEX. R. APP. PROC. 47.1 ("The court of appeals must hand down a written opinion that . . . addresses every issue raised and necessary to the final disposition of the appeal.").